11 McKAY, Judge.
This appeal arises from an automobile accident. The trial court found that a mother and her grown daughter were both liable for damages the daughter caused while she was driving her mother’s car. The trial court also found that the mother’s automobile liability insurance carrier was not liable. We affirm.
FACTUAL SUMMARY AND PROCEDURAL HISTORY
On June 19,1996, Christina Dickerson was driving her mother’s car when she broadsided another vehicle driven by Andrew Joseph. At the time of the accident, Christina was of the age of majority. She was also an excluded driver on the insurance policy her mother, Judith Dickerson, had with Midland Risk Insurance Company. According to the testimony of Christina and her mother, Christina was using the car in order to take her great-grandmother to the eye doctor. Judith Dickerson asked her daughter to drive her grandmother to the eye doctor because she was working at the time. The accident occurred while Christina was on her way home.
Andrew Joseph and his mother, Linda Joseph (the owner of the vehicle he was driving), brought this action against Christina Dickerson, Judith Dickerson, and Midland Risk Insurance Company seeking to recover for property damage as well as for Andrew’s personal injuries. The trial court dismissed the action against Midland but found both Christina Dickerson and Judith Dickerson liable. Linda Joseph was awarded $1,500.00 with legal interest from date of judicial demand until paid. Andrew Joseph was awarded $3000.00 in compensatory ^damages and $1,368.00 in special damages, with legal interest from date of judicial demand until paid. The trial court assigned no reasons for judgment. The plaintiffs appeal the portion of the judgment which dismissed Midland and defendant, Judith Dickerson, appeals the portion of the judgment which found that she was liable.
ISSUES
The issues raised on this appeal are whether the trial court erred in dismissing Midland Risk Insurance Company from the suit and whether the trial court erred in finding Judith Dickerson liable.
ANALYSIS
Midland was dismissed from the case because the policy it issued to Judith Dickerson contained an exclusion which denied cov *1068 erage for Christina Dickerson to operate her mother’s vehicle. La. R.S. 32:861 requires every motor vehicle registered in this state to be covered by an automobile liability policy. La. R.S. 32:900 B(2) requires the policy of insurance to inure to the benefit those using the vehicle by permission of the named insured. The purpose of this “omnibus clause” is said to be to protect the named insured, permittees, and the public in general. Mercadel v. Tran, 635 So.2d 438 (La. App. 4th Cir.1994). An exception, however, is provided by La. R.S. 32:900(L), which states: “an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.” The reason for this is that it allows an insured to pay a lower premium by entering into a bargain with the insurance company which precludes certain named drivers who reside in the same household as the insured from operating the insured vehicle and denies coverage if they do in fact operate the vehicle.
|,-As stated earlier, Christina was an excluded driver on the policy her mother had with Midland. At trial, there was some confusion as to whether Christina resided in the same household as her mother. The trial court, however, found that Christina resided with her mother and accordingly that her exclusion from coverage was valid. After a careful review of the record, we find there was ample evidence for the trial court’s finding. We also find that this type of exclusion does not violate public policy. Therefore, the trial court did not err when it dismissed Midland from this suit.
Judith Dickerson asked her grown daughter, who she knew to be uninsured, to drive her grandmother to the eye doctor. Her daughter was involved in an automobile accident on her way home. The trial court found that Judith Dickerson was liable for the damages caused by her daughter. Ordinarily, an owner of a vehicle is not liable for damages which occur while another is operating the vehicle. Harris v. Hamilton, 569 So.2d 1 (La.App. 4th Cir.1990); Friday v. Mutz, 483 So.2d 1269 (La.App. 4th Cir.1986). However, an exception to this rule has been established when the driver is “on a mission for the owner of the vehicle” or when the driver “is an agent or employee of the owner”or when the owner has negligently entrusted the vehicle to someone who, to the owner, should be known to be an incompetent driver. Harris at 3.
We must now determine whether any basis existed to find that Christina was on a mission for Judith or that Judith negligently entrusted the vehicle to Christina. We are unable to find that Christina was on a mission for Judith. She was asked to drive her great-grandmother to the eye doctor. This is both a natural obligation and a typical favor that one person may ask another to do for them. It does not rise to the level of a mission. Therefore, we cannot find Judith 1 fiable under that theory of law.
We can, however, find that Judith was negligent in her entrustment of the vehicle to Christina. La. R.S. 32:861 imposes a duty that requires every motor vehicle be covered by an automobile liability policy. The purpose of this law is provide protection to the public in general from damages caused by drivers who may lack sufficient means to compensate those they damage. Judith Dickerson’s vehicle was covered by an automobile liability policy. However, this policy excluded the daughter who she entrusted the car to, from coverage. Judith breached her duty to have her vehicle properly insured when she entrusted her vehicle to someone she knew would not be covered by her automobile liability policy. In order to save money, Judith excluded her daughter from coverage. These are not the actions of a reasonably prudent person.
While her daughter was driving the car, a collision occurred where another driver was injured and another car damaged. Judith Dickerson’s instructing her uninsured daughter to drive her car was a cause in fact of these damages. If it were not for her daughter driving the car, the plaintiffs’ damages would not have occurred or in the very least would have been covered by insurance. Under the duty risk analysis, Judith Dickerson was negligent in entrusting her car to a driver she knew was not covered by her liability insurance. Therefore, the trial court *1069 did not err in finding that she was liable for the damages caused by her daughter. An insured cannot exclude someone from coverage and then entrust that individual with their vehicle without some type of consequences.
Accordingly, we affirm the judgment of the trial court in its entirety.
AFFIRMED.
LANDRIEU, J., CONCURS IN PART AND DISSENTS IN PART.