754 So.2d 912 (2000)
Linda L. JOSEPH and Andrew J. Joseph
v.
Judith W. DICKERSON, Christina A. Dickerson and Midland Risk Insurance Company.
Nos. 99-C-1046, 99-C-1188.
Supreme Court of Louisiana.
January 19, 2000.
*913 Michael James Laughlin, New Orleans, for Applicant in No. 99-C-1046.
Geoffrey Jacob Orr, Campbell, McCraine, Sistrunk, Anzelmo, & Hardy, Metairie; Jordan Brown, New Orleans, Byron Andrew Richie, Charles Vernon Richie, Richie & Richie, Shreveport; Paul Douglas Oberle, Jr., Shreveport, for Respondent in No. 99-aC-1046.
Geoffrey Jacob Orr, Campbell, McCraine, Sistrunk, Anzelmo, & Hardy, Metairie, for Applincant in No. 99-C-1188.
Michael James Laughlin, New Orleans, Jordan Brown, Byron Andrew Richie, Charles Vernon Richie, Richie & Richie, Shreveport; Paul Douglas Oberle, Jr., Shreveport, for Respondent in No. 99-C-1188.
CALOGERO, Chief Justice.[*]
This case arises out of an automobile collision between a car owned by plaintiff Linda Joseph, driven by her son, plaintiff Andrew Joseph, and a car owned by defendant Judith Dickerson, driven by her daughter, defendant Christina Dickerson. At the time of the accident, Christina was nineteen years old and lived with her mother and baby in New Orleans. The vehicles collided at the intersection of North Miro Street and A.P. Tureaud Avenue in New Orleans. We granted writs in this case to determine whether the court of appeal was correct in finding Judith liable because she loaned or entrusted her car to her daughter, Christina, whose negligence caused the accident, knowing that Christina was an excluded driver under a policy Judith had procured from Midland Risk Insurance Company.
This case presents three significant issues. First, we must determine whether the court of appeal was correct in finding Judith negligent for entrusting her vehicle to Christina, a competent, but policy-excluded, driver. As is indicated hereinafter, we hold that the court of appeal incorrectly found Judith liable for lending her car to an otherwise competent driver known by Judith to be excluded from coverage under her liability policy. A person who loans or entrusts an automobile to another can be found liable for the borrower's causing damages to a third person if the circumstances show the lender to be negligent in loaning or entrusting the vehicle. Restatement (Second) of Torts § 390 (1965). A lender cannot be found liable for loaning the car to a competent driver, or to a driver not known to be a risk or threat to other persons, as was the case here, simply for the reason that she knew or should have known that her own liability insurance policy, by its terms, would not cover the driver's liability for negligently causing injury.
*914 The second issue in this case requires us to determine independently whether Judith is vicariously liable to the plaintiffs for Christina's acts while Christina performed a family chore at Judith's request. Is Judith responsible for Christina's negligence because Judith asked Christina to take Christina's great-grandmother, in Judith's car, to a doctor's appointment? We find that Judith is not vicariously liable under a "mission" theory of liability for her daughter's negligent conduct. As a consequence, our conclusion obviates the need to decide whether the endorsement provision offends public policy, which denies coverage to the insured for imputed negligence arising out of the excluded driver's use of the car.
Finally, we must resolve whether the named driver exclusion endorsement is even applicable in light of the statutory requirement that the excluded person be a resident of the same household in order to bypass the omnibus coverage requirement of La.Rev.Stat. 32:861 and La.Rev.Stat. 32:900.[1] We find that the exclusion endorsement does apply. The record supports the finding that Christina was a resident of the same household as the named insured, Judith. La.Rev.Stat. 32:900(L) has been satisfied. Thus, plaintiffs are precluded from recovering from Midland Risk.
For the reasons that follow, we thus reverse the court of appeal's casting Judith Dickerson in damages to the plaintiffs. Furthermore, we affirm the judgment of the court of appeal insofar as it dismissed the plaintiffs' claims against the automobile liability insurer, Midland Risk.
On June 19, 1996, Christina Dickerson broadsided Andrew Joseph at the intersection of North Miro Street and A.P. Tureaud Avenue. Andrew was driving his mother's car west on North Miro Street. Christina was driving her mother's car north on A.P. Tureaud Avenue. At the time of the accident, Christina was an adult. The Joseph vehicle was struck in the middle of the driver's side. The impact caused the vehicle to spin three hundred and sixty degrees. Andrew Joseph was injured and Linda Joseph's car was damaged.
At the time of the accident, Christina, who had taken her great-grandmother to the doctor, was returning the great-grandmother to the latter's home. Ordinarily, Judith would have accompanied the patient, her own grandmother, to the doctor's appointment. However, Judith was unable to leave her job. Judith had therefore *915 asked her daughter Christina to drive the patient, in Judith's car, to the medical appointment.
Alleging property damage and multiple injuries to Andrew, the plaintiffs, Linda Joseph and her son Andrew, filed a petition in First City Court, Parish of Orleans, against Judith, Christina, and Midland Risk Insurance Company, Judith's automobile liability insurer. The plaintiffs asserted negligence and vicarious liability claims. In response, Midland Risk denied coverage, arguing that Judith had signed, and thus put into place, a policy endorsement specifically excluding Christina from coverage.[2] Further, Midland Risk denied coverage for any possible liability of Judith Dickerson because of the policy provision that denies coverage for negligence that may be imputed by law to the named insured arising out of the use of the car by the excluded driver, Christina.
The city court dismissed the action against Midland Risk, finding that the insurance policy excluded coverage for Christina and otherwise did not provide relevant coverage for Judith. The city court judge did, however, cast both Christina and Judith in judgment in solido for damages, and awarded $1,500.00 to Linda Joseph for property damages and $4,368.00 to Andrew Joseph for compensatory damages.
The plaintiffs and Judith Dickerson appealed the city court's judgment. The court of appeal affirmed. Joseph v. Dickerson, 98-1013 (La.App. 4 Cir. 3/10/99), 728 So.2d 1066. The court of appeal found no manifest error in the city court's finding that Christina Dickerson was a resident of her mother's household, not rated on the policy, and specifically excluded, by name, from coverage. In addition, the court of appeal found that Christina was not on a mission for her mother, such as would cause her mother to be held vicariously liable. In so finding, the appellate court stated that the act of driving her great-grandmother to a doctor's appointment is both a natural obligation and a typical favor, not a mission for which the car-owning mother might be exposed to vicarious liability. Nevertheless, the court of appeal panel, in a two-to-one decision, did find Judith negligent for entrusting her vehicle to a driver she knew was not covered by the liability insurance policy on her automobile, and who negligently caused harm to the plaintiffs.
In this Court, the plaintiffs seek a judgment against the liability insurer, Midland Risk, arguing that the insurance policy requires the insurer to pay all damages that its named insured causes or for which the named insured is responsible. Additionally, the plaintiffs argue that the named driver exclusion does not bar coverage in this case, because the insurer *916 has not sufficiently proven that Christina resided in the same household as Judith.[3] Defendant Judith Dickerson is seeking to overturn the majority's finding that she is liable solely because she had entrusted her car to her competent, licensed, but policy-excluded, daughter, who subsequently caused the accident.
In light of the reason for granting writs in this case, and as a matter of sequencing, we will discuss in turn: negligent entrustment, vicarious liability, the exclusion provision, and the residency requirement.
We first consider the issue that prompted us to grant Judith Dickerson's writ application: whether the court of appeal was correct in determining that Judith is liable for negligently entrusting her automobile to her policy-excluded major daughter whose negligence harmed the plaintiffs.
Negligence claims under La. Civ. Code art. 2315 are examined using a Duty/ Risk analysis. The Duty/Risk analysis is a set of five separate elements that takes into account the conduct of each party and the peculiar circumstances of each case. The plaintiffs bear the burden of proving each of the following elements: (1) the defendants' conduct was a cause-in-fact of the plaintiffs' injuries, (2) the defendants had a duty to conform their conduct to a specific standard, (3) the defendants breached that duty to conform their conduct to a specific standard, (4) the defendants' conduct was the legal cause of the plaintiffs' injuries, and (5) actual damages. Teel v. State, DOTD, 96-0592, pp. 9-10 (La.10/15/96), 681 So.2d 340, 343; Roberts v. Benoit, 605 So.2d 1032, 1041-42 (La. 1991). A negative answer to any of the elements of the Duty/Risk analysis prompts a no-liability determination. Stroik v. Ponseti, 96-2897, pp. 6-7 (La.9/9/97), 699 So.2d 1072, 1077.
One of the necessary considerations in the Duty/Risk analysis is to determine what, if any, duties were owed by the respective parties. Mart v. Hill, 505 So.2d 1120, 1122 (La.1987). Generally, there is an almost universal legal duty on the part of a defendant in a negligence case to conform to the standard of conduct of a reasonable person in like circumstances. Boykin v. Louisiana Transit Co., 96-1932, p. 10 (La.3/4/98), 707 So.2d 1225, 1231. Whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties. Socorro v. City of New Orleans, 579 So.2d 931, 938 (La.1991). Judith, as a lending car owner, has a duty to not entrust her car to another, when Judith knows or has reason to know that the borrower is likely to use the car in a manner involving an unreasonable risk of physical harm, because of the borrower's youth, inexperience, intoxication, incompetence, or otherwise. Restatement (Second) of Torts § 390 (1965).
Having established that Judith Dickerson owed a duty, the question then becomes whether Judith breached that duty by failing to act in a reasonable and prudent manner. We find that Judith did not breach her duty to exercise reasonable care in lending her car to Christina. At the time of the accident, Christina was not a minor; nor was she intoxicated or incompetent. Judith is not liable for entrusting her car to her daughter merely because Judith knew that her own liability insurance policy would not cover Christina's liability for negligently causing injury. Accordingly, the plaintiffs' claim is without merit because, under the traditional Duty/ Risk analysis, Judith did not breach her duty owed to these plaintiffs. Thus, Judith is not liable for the plaintiffs' injuries. We find that the court of appeal erred in finding Judith Dickerson liable for loaning *917 her car to her daughter, an ostensibly competent, yet policy-excluded, driver.
The second issue before the Court is whether Christina Dickerson's performance of a family chore, prompted by Judith Dickerson's request, renders Judith vicariously liable for Christina's negligence. A principal is not liable for the torts of a non-servant mandatary. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902, 906 (1968). The imputation of liability to a principal for the negligent or tortious acts of a mandatary requires a relationship between the parties that is more than merely principal-mandatary. Blanchard, 215 So.2d at 904. For example, our law dictates that a master or employer is vicariously liable for the tortious conduct of a servant or employee who acts within the scope of employment. La. Civ.Code art. 2320. Liability is imputed in this close relationship because the master or employer has the right of control of the servant's or employee's time and activities. Blanchard, 215 So.2d at 905. Likewise, parents and tutors are responsible for the damages caused by their minor or unemancipated children. La. Civ.Code art. 2318. This form of vicarious liability arises out of the parent-child relationship and is statutorily imposed.
In this case, Judith Dickerson is not vicariously liable for the collision-causing negligence of Christina Dickerson. At the time of the accident, Christina was neither a minor residing with her mother nor an employee of her mother. At most, Christina was a non-servant mandatary, whose fault cannot be vicariously visited upon the principal, Christina's car-owning mother. This gratuitously performed family service is an insufficient ground to impute Christina's fault to her mother.
In light of our finding that Judith is not vicariously liable for Christina's negligence, we need not address the validity of the endorsement provision that denies coverage for negligence imputed to the named insured arising out of the excluded driver's use of the car. Specifically, if Judith had been deemed vicariously liable for Christina's negligent conduct, then an important public policy question would arise regarding an insurance policy covering the insured, but nonetheless denying coverage to the insured for vicarious liability.
The final issue before the Court is whether the insurance policy endorsement is wholly inapplicable, and the insurer liable for an omnibus insured's fault, because the endorsement fails to satisfy the requirement of La.Rev.Stat. 32:900(L), which permits persons residing in the same household to be excluded from coverage. Louisiana's automobile insurance law requires omnibus coverage in favor of any person using an insured vehicle with the permission or consent of the named insured. La.Rev.Stat. 32:900(B)(2). However, in 1990, the Louisiana Legislature added subsection (L), which is an exception to the general rule of omnibus coverage. La. Rev.Stat. 32:900(L) permits a named insured to exclude from coverage a resident of her household. See Bellard v. Johnson, 97-0909 (La.5/30/97), 694 So.2d 225. The purpose of this provision is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver. In this case, Judith Dickerson took advantage of subsection (L) by excluding Christina Dickerson. Nevertheless, if Christina did not reside in the same household as her mother, then the endorsement does not meet the requirements of La.Rev. Stat. 32:900(L). Thus, the exclusion would have no effect, and Christina would be a covered omnibus insured. For this reason, Christina's residence is important, even though the policy excluded her by name. La.Rev.Stat. 32:900(L).
The city court judge implicitly found that Christina resided with her mother, because he refused to permit recovery by the plaintiffs against Midland Risk. The court of appeal panel affirmed, finding ample *918 evidence in the record to support the city court judge's finding. Joseph, 98-1013, p. 3, 728 So.2d at 1068. In brief, plaintiffs contend that Midland Risk failed to carry its burden of proving the circumstances that make the exclusion applicable. That is, Midland Risk did not prove that Christina and Judith were members of the same household. The plaintiffs submit that, as a matter of public policy, the residence designated on a person's driver's license is conclusive of that person's residence in light of the statutory punishment for providing false or incorrect information when applying for a driver's license as set forth in La.Rev.Stat. 32:421. Plaintiffs maintain that Christina and Judith were not members of the same household because Christina's driver's license shows her residence as 1800 Saint Anthony Street, an address different from Judith's residence, 2626 LaSalle Street.
The determination of whether the excluded driver and the named insured are members of the same household is a factual determination. We cannot set aside the city court's finding of fact unless the finding is clearly wrong. Rosell v. ESCO d/b/a Jolly Elevator Corp., 549 So.2d 840, 844 (La.1989). We find that the lower courts were not manifestly erroneous in determining that Christina and Judith Dickerson were residents of the same household. A reasonable factual basis exists to support the same-household finding. At trial, Judith testified that she has lived with her daughter continuously from birth. Furthermore, Christina testified that she has always resided with her mother at sequential residences, 1800 Saint Anthony Street, and later, 2626 LaSalle Street, the residence where both Judith and Christina resided on the date of the accident. The city court was not clearly wrong, because the record contains a reasonable factual basis for the finding that Christina and Judith resided in the same household. Accordingly, the policy endorsement excluding specified operators is applicable.[4]
For the reasons assigned, we find that the court of appeal erred in finding Judith Dickerson negligent for entrusting her vehicle to Christina Dickerson, an otherwise competent, but policy-excluded driver. Judith owed a duty to not lend her car to another person who is likely to use the car in an unreasonably risky manner, because of that person's youth, inexperience, incompetence, or intoxication. Judith did not breach her duty when she entrusted her car to her policy-excluded, but otherwise competent, daughter. Accordingly, the court of appeal judgment is reversed insofar as it affirms the city court judgment in favor of the plaintiffs and against Judith. Plaintiffs' claims against Judith Dickerson are therefore dismissed with prejudice at the plaintiffs' cost. Furthermore, the court of appeal and city court judgments are affirmed insofar as the judgments deny the plaintiffs recovery against Midland Risk Insurance Company.
REVERSED IN PART, AFFIRMED IN PART and RENDERED.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., Dissenting.
An owner of a vehicle is liable for the driver's fault where the driver is on a mission for the owner or when the driver is an agent of the owner. Talamo v. Shad, 92-1085, 92-1086 (La.App. 4 Cir.1993), 619 So.2d 699. This court and the court of *919 appeal failed to recognize what I see as an agency relationship between Judith Dickerson, the owner of the vehicle, and Christina Dickerson, the driver. According to testimony presented at trial, Christina was not ordinarily allowed to drive her mother's vehicle. However, on the day of the accident, Judith instructed Christina to take her great-grandmother to the doctor because Judith had to go to work. Because Christina was acting on behalf of Judith, I believe that Judith should be vicariously liable for the damages caused by Christina.
NOTES
[*] Kimball, J., not on panel. See Rule IV, Part 2, § 3.
[1] La.Rev.Stat. 32:861 provides, in pertinent part:

A. (1) Every self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2).... La.Rev.Stat. 32:900 provides, in pertinent part:
B. Such owner's policy of liability insurance:
* * *
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and
(c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.
* * *
Although La.Rev.Stat. 32:861 and La.Rev. Stat. 32:900(B)(2) require omnibus coverage, La.Rev.Stat. 32:900(L) provides:
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
[2] The following is the named person exclusion endorsement attached to Midland Risk Policy LPSA00692:

POLICY ENDORSEMENT EXCLUDING SPECIFIED OPERATORS
Residents in your household of driving age who are not rated on this policy must be excluded in consideration of the premium charged for the policy to which this endorsement applies. It is agreed that the insurance afforded by this policy shall not apply with respect to any claim which occur [sic] due to the ownership, operation, maintenance or use of the automobile(s) to which the terms of the policy are extended, either with or without the permission of the named insured, by: Name Christina Dickerson DOB 7/17/77 Relationship Daughter
* * *
The named insured further agrees that the Company shall not be liable and no liability or obligation of any kind shall attach to the company for any negligence which may by imputed by law to the named insured arising out of the maintenance, operation or use of a motor vehicle by the person named above. Nothing contained in this endorsement shall vary, waive, alter or extend any other terms of this policy. This endorsement shall supersede any policy provisions to the contrary and shall take effect simultaneously with such policy. The named insured accepts this endorsement and confirms the acceptance as witness signature.
Signature of Insured s/Judith W. Dickerson Date Eff. 4-5-96 Agent Signature s/ (illegible)
[3] The exception of La.Rev.Stat. 32:900(L), which allows an insured to designate a named driver to be excluded from coverage and is effective only if the named party resides in the same household as the insured, is more fully discussed later in the text. See infra slip opinion, pp. 9-11.
[4] Recently, we briefly discussed the statutory construction of La.Rev.Stat. 32:900(L) in Adams v. Thomas, 98-2003 (La.4/13/99), 729 So.2d 1041. However, Adams is not especially relevant to this case, because the issue in Adams was whether an insurer can exclude coverage to the insured, or the insured's permittee, if that person does not have a valid driver's license. We held such an exclusion contravenes public policy. In this case, we need not address whether public policy is violated when an insurance policy provision denies coverage to the insured for imputed negligence arising out of the excluded driver's use of the car, because we have determined that Judith is not vicariously liable for Christina's negligence.