COLEMAN PATRICK HANEGAN, III
v.
ELMER LITCHFIELD, SHERIFF AND EX-OFFICIO TAX COLLECTOR, EAST BATON ROUGE PARISH SHERIFF'S DEPARTMENT, DEPUTY CHRIS LECHUGA, DEPUTY MICHAEL BIRDWELL, ABC INSURANCE COMPANY, KARL DUMMONS, GMAC INSURANCE COMPANY D/B/A NATIONAL GENERAL ASSURANCE COMPANY, CREEKWOOD PROPERTY CORPORATION D/B/A CYPRESS LAKE APARTMENTS AND XYZ INSURANCE COMPANY.
No. 2007 CA 0837.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
DEVAN PARDUE, Counsel for Plaintiff/Appellant, Coleman Patrick Hanegan, III.
CYRUS J. GRECO, WILLIAM H. L. KAUFMAN, Counsel for Defendant/Appellee, Sheriff Elmer Litchfield, Cpl. A. Christopher Lechuga, and Deputy Michael W. Birdwell.
Before PARRO, KUHN, and DOWNING, JJ.
KUHN, J.
Plaintiff-appellant, Coleman Patrick Hanegan, III, appeals the trial court's grant of summary judgment in favor of defendants, East Baton Rouge Parish Sheriff Elmer Litchfield (the Sheriff), Cpl. A. Christopher Lechuga, and Deputy Michael W. Birdwell (collectively, the law enforcement defendants), dismissing his claims against them for personal injuries arising when, during Hanegan's detention by law enforcement officials prior to arrest, he was struck by a motor vehicle driven by defendant, Karl Dummons. We affirm.
On appeal, Hanegan urges that the trial court's dismissal of his claims against the law enforcement defendants was erroneous. He asserts that outstanding issues of material fact about whether the actions of Lechuga in restraining him in handcuffs and advising him to sit on a curb while Birdwell conducted a search of his vehicle  which thereby placed him in the subsequent path of Dummons' vehicle  constituted excessive force precluding summary judgment.
To establish negligence, the plaintiff must prove: (1) duty of care to the plaintiff; (2) breach of the duty; (3) cause-in-fact; (4) legal causation (scope); and (5) damages. Boykin v. La. Transit Co., 96-1932, p. 8 (La. 3/4/98), 707 So.2d 1225, 1230.
A police officer owes a duty to his prisoner to save him from harm. But this means that the officer must do only what is reasonable under the circumstances, and he is only liable for a certain category of risks to which his prisoner may be subjected. Griffis v. Travelers Ins. Co., 273 So.2d 523, 526 (La. 1973); Garrison v. City of Berwick, 417 So.2d 48, 50 (La. App. 1st Cir. 1982). There is also an almost universal legal duty on the part of a defendant in a negligence case to conform to the standard of conduct of a reasonable person in like circumstances. Joseph v. Dickerson, 99-1046, p. 7 (La. 1/19/00), 754 So.2d 912, 916.
The legal causation or scope of the duty inquiry "assumes a duty exists and questions whether the injury the plaintiff suffered is one of the risks encompassed by the rule of law that imposed the duty." Roberts v. Benoit, 605 So.2d 1032, 1044 (La. 1991). There is "no `rule' for determining the scope of duty." Id. The scope of duty inquiry is "ultimately a question of policy as to whether the particular risk falls within the scope of the duty." Id. In determining whether there is a duty-risk relationship, the court should ask: "[i]s the harm which befell the plaintiff easily associated with the type of conduct engaged in by the defendant?" See Roberts, 605 So2d at 1054. The determination of legal cause is a purely legal question. Todd v. State, Dep't of Social Services, Office of Community Services, 96-3090, p. 6 (La. 9/9/97), 699 So.2d 35, 39.
Through the affidavits of Lechuga and Birdwell, the law enforcement defendants established that at 2:15 a.m., while patrolling an apartment complex adjacent to the rear of a building where an attempted burglary had occurred, Lechuga observed Hanegan's vehicle between two Ryder trucks in a small field between the apartment complex and Exchequer Drive. As Lechuga passed in his unmarked unit, equipped with siren and in-grill flashing lights, Hanegan took off at a high rate of speed. Lechuga activated his siren and lights and pursued Hanegan, who increased his speed of travel. Ultimately, Hanegan stopped his vehicle in front of the apartment complex's entrance gate, exited, and identified himself with his Illinois driver's license. Hanegan appeared intoxicated to Lechuga and admitted he had been drinking alcohol. Birdwell arrived on the scene and spotted a pistol magazine and several spent shell casings on the rear floorboard of Hanegan's vehicle. Hanegan advised that a .45 caliber handgun was located in the glove compartment and gave Birdwell consent to search his vehicle. Lechuga placed Hanegan in handcuffs, advised him of his Miranda rights, and directed him to sit on the curb next to the unmarked unit.
With two marked police patrol units, whose overhead lights were activated, blocking the entrance to the apartment complex while Lechuga stood in front of his unmarked unit next to Hanegan, Dummons drove his vehicle over the curb and struck Hanegan. Although Hanegan remained conscious and aware of his surroundings, deputies nevertheless requested EMS to come to the scene and check Hanegan's condition. Hanegan initially refused treatment and EMS left the scene; but subsequent to his arrest for driving while intoxicated, Hanegan complained of body aches, and EMS returned to the scene at the request of deputies.[1] Dummons, who was cited by deputies with reckless operation of a vehicle, subsequently advised deputies that although he had seen Hanegan sitting on the curb, he thought he had enough room to drive by without striking him.
In his opposition the law enforcement defendants' motion for summary judgment, Hanegan offered only the same affidavits of Lechuga and Birdwell, the arrest report showing the charges filed against Hanegan and Dummons, and the nolo contendere plea Hanegan entered into for the charge of possession of an illegal firearm by a convicted felon. Specifically, Hanegan did not offer another version of the facts in affidavits of his own. Thus, it is appropriate for disposition by summary judgment when, as here, the facts have been clearly established by affidavits, and Hanegan, who bears the burden of proof at trial, failed to counter the showing made by the law enforcement defendants. See La. C.C.P. art. 966C.
Given these facts, any duty Lechuga and Birdwell owed to Hanegan to save him from harm did not include the unforeseeable risk that a driver would bypass an area secured by police, in which two patrol units whose lights were activated as well as a third unmarked unit and police officers were visibly present, drive up along the curb, see a person sitting there, and continue to drive, striking that person. It is not reasonable to expect a police officer to anticipate that a motorist, driving by an area secured by police in the manner described, would proceed other than cautiously. Likewise, we do not find that the harm of sustaining personal injuries by a moving vehicle is easily associated with the action of police directing a handcuffed suspect to sit on a curb in an area secured by police with an officer standing next to the suspect. Since the actions of Lechuga and Birdwell were not the legal cause of Hanegan's injuries, the trial court correctly concluded that the law enforcement defendants were entitled to summary judgment insofar as the police officers may have had any duty to save Hanegan from the harm he encountered.
The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result. Kyle v. City of New Orleans, 353 So.2d 969, 972 (La. 1977). Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers. Id. at 973.
Under the established, undisputed facts of this case, we conclude the officers acted reasonably. Hanegan, who admitted that he had been drinking at the time of these events, was placed in visible view of police as a search of his vehicle was undertaken. And since he was admittedly under the influence of alcohol and had already attempted to evade law enforcement, we cannot say that the act of restraining him with handcuffs to ensure a limitation on his mobility was unreasonable.[2]
For these reasons, we find no error by the trial court in granting summary judgment, dismissing Hanegan's claims against the law enforcement defendants. The trial court's judgment is affirmed by this memorandum opinion, which is issued in compliance with La. U.R.C.A. Rule 2-16.1B. Appeal costs are assessed against Coleman Patrick Hanegan, III.
AFFIRMED.
NOTES
[1] That portion of the summary judgment, which dismissed Hanegan's claims against the law enforcement defendants alleging they failed to provide him with medical assistance has not been appealed. Clearly, the affidavits of the law enforcement defendants established that medical assistance was provided, and Hanegan did not offer an affidavit or other admissible evidence to counter these statements. Thus, the dismissal of that portion of Hanegan's petition was correct.
[2] It is only with hindsight that Hanegan can suggest the better action for police to have undertaken would have been to place him in a patrol car. But this is not necessarily a fail-safe action either. See Barlow v. City of New Orleans, 257 La. 91, 241 So.2d 501 (1970) (holding that the arresting officers were negligent in leaving an intoxicated man in locked police car in the absence of an emergency).