STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


CW 08-431


THEODORE E. FILIPSKI, III

VERSUS

IMPERIAL FIRE & CASUALTY INSURANCE
COMPANY, ET AL.


**********
ON WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-5465-A
HONORABLE D. KENT SAVOIE, PRESIDING
**********


SYLVIA R. COOKS
JUDGE


**********


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

Gremillion, J., dissents in part and assigns written reasons.

WRIT DENIED.


Matthew D. Henrich
1043 Common Street
Lake Charles, LA 70601
(337) 433-7393
COUNSEL FOR PLAINTIFF/APPELLEE:
    Theodore E. Filpski, III

Paul D. Oberle, Jr.
Richie, Richie & Oberle, L.L.P.
1800 Creswell Avenue
P.O. Box 44065
Shreveport, LA 71134
(318) 222-8305
COUNSEL FOR DEFENDANT-APPELLANT:
    Imperial Fire & Casualty Insurance Company

**COOKS, Judge.**

This is an action for damages allegedly sustained as a result of a motor vehicle accident which occurred February 16, 2002, involving a 1997 Chevrolet pickup truck owned and operated by Theodore E. Filipski, III. Mr. Filipski suffered injuries as a result of the accident and brought this personal injury suit.

At the time of the occurrence of the accident, Imperial Fire & Casualty Insurance Company had in full force and effect a policy of automobile liability insurance issued to Mr. Filipski. Approximately three months prior to the accident, Mr. Filipski purchased the 1997 Chevrolet pickup truck from a dealership. As part of the financing agreement, the dealership required Mr. Filipski to purchase uninsured motorist coverage. To comply with this demand, Mr. Filipski purchased the insurance policy at issue from Imperial Fire.

The day the policy was issued, Mr. Filipski signed a waiver excluding his mother and his daughter from the policy. Approximately one month after issuance of the policy, Imperial Fire contacted Mr. Filipski to have him sign a waiver excluding himself as a driver of the vehicle. According to Mr. Filipski, Imperial Fire informed him he was required to sign the waiver. He also asserted the exclusion did not address uninsured motorist coverage, and only applied to liability coverage. To the contrary, Imperial Fire argues Mr. Filipski signed the waiver in order to procure a reduced premium. Mr. Filipski denied receiving any reduced premium.

Imperial Fire filed a Motion for Summary Judgment contending no coverage existed for Mr. Filipski because of the signed exclusion. The trial court granted the summary judgment in part and denied it in part. The motion was granted "as it pertain[ed] to the validity of the exclusion with respect to any liability claims being asserted therein." However, the trial court denied the motion "as it pertain[ed] to the

-1-

uninsured/underinsured motorist claim which may be asserted by Theodore Filipski."

Imperial Fire filed for writs with this Court contending there was no authority for the trial court's finding that the exclusion did not apply to any uninsured/underinsured claim asserted by Mr. Filipski. This Court denied writs. Thereafter, Imperial Fire sought a Writ of Certiorari with the Louisiana Supreme Court. The Supreme Court issued an Order granting the writ and remanding this matter back to this Court for briefing, argument and opinion. For the following reasons, we find no error in the trial court's ruling on the motions for summary judgment and deny the application for supervisory writs.

## ANALYSIS

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Louisiana Code of Civil Procedure Article 966 provides the standard for considering motions for summary judgment. Specifically, La.Code Civ.P. art. 966(C) provides:

> (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The burden to show that no material issues of fact exist remains with the

movant, but this burden shifts to the adverse party once the movant has made a prima facie showing that the motion should be granted. *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41. However, "[i]f qualifying evidence is submitted in opposition to a motion for summary judgment which creates a dispute as to a genuine issue of material fact, the motion for summary judgment should be denied." *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257, p. 19 (La. 2/29/00), 755 So.2d 226, 237.

Imperial Fire notes that on January 9, 2002, Mr. Filipski executed an Exclusion of Named Driver Endorsement, agreeing that "no coverage shall be afforded while the insured vehicle is being driven by Theodore Filipski, III."[1] The trial court found, by the clear terms of the exclusion, no liability coverage was available to Mr. Filipski. This conclusion is not disputed by the parties. The question that arises in this case is whether the exclusion applies to UM coverage. The trial court found it did not. We agree.

Imperial Fire cites the case of *Joseph v. Dickerson*, 99-1046 (La. 1/19/00), 754 So.2d 912, in support of its argument. In *Dickerson*, the issue was whether the court of appeal was correct in finding Judith Dickerson liable because she loaned her car to her daughter, whose negligence caused the accident, knowing her daughter was an excluded driver under her policy. The supreme court noted it had to determine whether the named driver exclusion endorsement was applicable in light of the statutory requirements applicable to the omnibus coverage as provided in La.R.S. 32:861 and La.R.S. 32:900. The *Dickerson* court noted in 1990, the Louisiana

---

[1] An insured excluding himself is allowed under the 2001 amendment to La.R.S. 32:900(L), which provides, in pertinent part:

> (1) an insurer and an insured may by written agreement exclude from coverage the named insured . . .

Legislature added subsection (L), which is an exception to the general rule of omnibus coverage provided in La.R.S. 32:861, and permits a named insurer to exclude from coverage a resident of the same household. The court explained the "purpose of this provision is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver." Finding the purpose of the exclusion was to provide an opportunity for reduced premiums and that her daughter did reside in the same household, the court upheld the exclusion as it pertained to *liability* coverage for the accident.

We note that in *Dickerson*, the Supreme Court was not called upon to address the issue before us – that is whether the exclusion also applies to UM coverage.[2] Further, the waiver clearly makes no specific reference to UM coverage being excluded. Louisiana historically has maintained a strong public policy in favor of UM coverage. *Roger v. Estate of Moulton*, 513 So.2d 1126 (La.1987). UM insurance is designed to provide full recovery for victims of automobile accidents who suffer damages caused by a tortfeasor who is not adequately covered by liability insurance. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La.11/29/06), 950 So.2d 544.

Under the provisions of former La.R.S. 22:1406(D) (amended and redesignated by 2003 La. Acts, No. 456 as La.R.S. 22:680), UM coverage is automatic; the parties' intention is irrelevant. *Degruise v. Houma Courier Newspaper Corp.*, 94-2386 (La.App. 1 Cir. 6/23/95), 657 So.2d 580, *amended in part, reversed in part, on other grounds*, 95-1863, pp. 7-8 (La.11/25/96), 683 So.2d 689. Public policy demands

---

[2] Mr. Filpski also argues *Dickerson* does not apply because the record is devoid of any evidence that the exclusion was signed for a reduced premium. We need not address the genuineness of this factual issue and its legal consequence because summary dismissal is not appropriate in this case for reasons hereafter articulated.

dictate that UM coverage up to the policy's limit, even if nowhere mentioned in the policy, be read into every insurance contract as if it were written on the face of the policy. *Henson v. Safeco Insurance Companies*, 585 So.2d 534 (La.1991); *Dibos v. Bill Watson Ford, Inc.*, 622 So.2d 677 (La.App. 4 Cir. 1993). As a result, "[e]very automobile liability policy delivered or issued for delivery in this state is impliedly amended to include UM coverage, unless coverage is validly rejected." *Faucheaux v. Boston Old Colony Ins. Co.*, 93-384, p. 5 (La.App. 5 Cir 3/16/94), 633 So.2d 959, 963, *writ granted in part and denied in part*, 94-1296 (La. 9/30/94), 642 So.2d 858; *see also Taylor v. Rowell*, 98-2865 (La.5/18/99), 736 So.2d 812. UM coverage may be *specifically* rejected by the insured in the insurance contract, pursuant to statutory guidelines. However, any exception to the mandatory UM coverage is to be strictly construed. *Tugwell v. State Farm Ins. Co.*, 609 So.2d 195 (La.1992); *Henson v. Safeco Insurance Companies*, 585 So.2d 534.

The record indicates there was no *specific* rejection of UM coverage in the exclusion signed by Mr. Filipski. "[I]t is well settled that our uninsured motorist statute embodies public policy and, thus, any clause in a policy in derogation of the mandatory requirements set forth in the statute is invalid insofar as it conflicts with the statute." *Breaux v. Gov. Emp. Ins. Co.*, 369 So.2d 1335, 1337-38 (La.1979). Imperial Fire's failure to comply with the statutorily mandated requirement for securing a valid rejection of UM coverage is not obfuscated by its success in securing a valid liability waiver. The language in Imperial Fire's policy which arguably seeks to preclude "any and all" coverage of whatever type once a driver has been excluded is sufficient to satisfy the legislative demands for securing a valid UM rejection. Therefore, we find the trial court did not err in denying Imperial Fire's motion for summary judgment as it pertained to any UM claims Mr. Filipski may file.

**DECREE**

For the foregoing reasons, finding no error in the trial court's ruling on the motions for summary judgment, we deny the application for supervisory writs. All costs are assessed to Imperial Fire & Casualty Insurance Company.

**WRIT DENIED.**

**THEODORE E. FILIPSKI, III V. IMPERIAL FIRE & CASUALTY INSURANCE COMPANY, ET AL.**

**GREMILLION, Judge, dissents and assigns the following reasons.**

I respectfully dissent from the majority's opinion and would reverse the trial court's denial of Imperial Fire & Casualty Insurance Company's summary judgment as it pertained to the uninsured/underinsured motorist claims which may be asserted by Theodore Filipski.

There is no disagreement that the named driver endorsement executed by Mr. Filipski is valid and enforceable. However, the majority believes that the dispositive question is whether this endorsement operates to exclude Mr. Filipski from *UM coverage*. This is incorrect. Rather, the only important question here is whether the endorsement operates to exclude Mr. Filipski from *liability coverage*.

It is well-settled in our jurisprudence that the question of whether a policy provides liability coverage must be addressed first. Our supreme court in *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191, as well as a number of cases applying *Magnon*, have concluded that "any determination of whether a plaintiff is entitled to UM benefits must follow a determination that the plaintiff is an insured for purposes of auto liability insurance coverage." *Id*. at 196. Indeed, the UM statute itself limits the extension of UM benefits to only the "persons insured" under a given automobile liability policy. La.R.S. 22:680(1)(a)(i).

The majority commits most of its discussion to the strong public policy in favor of UM coverage and to the fact that no proper UM waiver was executed. As to the

public policy in favor of UM coverage, it is clear that:

> Although Louisiana public policy strongly favors UM coverage and the liberal construction of the UM statute, it is well settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy.

*Magnon*, 739 So.2d at 196. Furthermore:

> Whether UM coverage was offered or validly rejected is relevant only if the claimant has qualified as a liability insured. . .Thus, the question of whether UM coverage was offered or validly rejected is not relevant here.

*Grace v. Crespo*, 07-397, p. 10 (La.App. 1 Cir. 9/19/07), 970 So.2d 1007, 1014, *writ denied*, 07-2010 (La. 12/7/07), 969 So.2d 636 (citations omitted).

Finally, I note that it is also well-settled that UM coverage attaches to the person of the insured, not the vehicle. *Howell v. Balboa Ins. Co.*, 564 So.2d 298 (La. 1990). This is relevant here because we are dealing with a named driver exclusion. Specifically, the *person* of Theodore E. Filipski, III, was validly excluded from liability coverage under this Imperial Fire & Casualty Insurance Company policy.

It is a fact that the person of Mr. Filipski was not covered under the liability portion of the subject policy. It is the law that when a person is not insured under the liability portion of an automobile liability policy, that person is not entitled to UM coverage. Thus, proper application of the law to the facts results in the unavoidable conclusion that the Imperial Fire & Casualty Insurance Company liability policy does not provide UM coverage for Mr. Filipski. I, therefore, respectfully dissent.

2