# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-1213


**KEVIN B. LORIO**

**VERSUS**

**TECHE FEDERAL SAVINGS
BANK, ET AL.**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2000-0214-C
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

### J. DAVID PAINTER
### JUDGE

**********

Court composed of  J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


                                                            **AFFIRMED.**


**John Blackwell, Attorney at Law**
**P. O. Box 10051**
**New Iberia, LA  70562-0051**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Teche Federal Savings Bank**

**Thomas Robert Shelton, Attorney at Law**
**223 Bendel Road**
**Lafayette, LA  70505**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Kevin B. Lorio**

**PAINTER, Judge.**

Plaintiff, Kevin B. Lorio, appeals the trial court's grant of summary judgment in favor of Defendant, Teche Federal Savings Bank (Teche), in this legal malpractice case. For the following reasons, we affirm the trial court's grant of summary judgment in favor of Teche.

## FACTS AND PROCEDURAL HISTORY

In 1997, Plaintiff purchased two adjoining tracts of land, referred to as Lots 1-A and 1-B, on Steiner Road in Lafayette, Louisiana. He was approved for a loan with Teche to finance his purchase of this property and construction of a residence thereon. Defendant, Melvin L. Maxwell, was retained to act as the closing attorney. He issued a title opinion on the property and prepared the act of cash sale and mortgage. Maxwell certified that the vendors of the two lots had good and merchantable title. The title opinion was given only to Teche and not to Plaintiff. However, Lot 1-B had been sold at a public tax sale on July 1, 1987, and had not been redeemed. Thus, the seller, Paul Edward Broussard did not have good, valid, and merchantable title to Lot 1-B at the time of the sale to Plaintiff as certified by Maxwell. Plaintiff did not discover this defect in title until after he had constructed his residence and attempted to pay real estate taxes on the lots. Payment for Lot 1-B was returned because Plaintiff was not the owner of the property according to the public records due to the tax sale of Lot 1-B to Michael Benoit in 1987.

On January 12, 2000, Plaintiff filed suit against Teche, Maxwell, and Insured Title. Plaintiff eventually obtained valid and merchantable title to Lot 1-B in 2005 by a sale from Benoit to Plaintiff. Teche and Maxwell filed motions for summary judgment, which were heard on November 30, 2010. Both motions were denied. Teche conducted additional discovery concerning the alleged principal and agent relationship between it and Maxwell. Plaintiff was deposed and admitted that he did

not rely upon Maxwell's title opinion in purchasing the property. Teche reurged its motion for summary judgment, alleging that as a matter of law, Maxwell was not its agent, that its relationship to Maxwell was that of lease of his legal services, and that even if Maxwell was Teche's agent, Teche cannot be liable for his error and omission because Teche was not obligated to determine for Plaintiff whether the vendor had valid and merchantable title, and because Maxwell was not Teche's employee. The trial court agreed and granted summary judgment in favor of Teche and dismissed all of Plaintiff's claims against Teche. We agree with the trial court that Teche owed no duty to notify Plaintiff of any title defects and that Maxwell was not an agent or employee of Teche. Therefore, we uphold the trial court's grant of summary judgment and dismissal in favor of Teche.

## DISCUSSION

We review this matter de novo. *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827 (La.5/22/07), 958 So.2d 634. On de novo review, we find that there are no genuine issues of material fact because Teche owed no duty to notify Plaintiff of any title defects. We further find that there are no genuine issues of material fact that Teche is not liable for the alleged malpractice of Maxwell because there is no evidence that Maxwell was Teche's employee or agent. "A principal is not liable for the torts of a non-servant mandatory." *Joseph v. Dickerson*, 99-1046, p. 8 (La. 1/19/00), 754 So.2d 912, 917.

We agree with the trial court that Maxwell's alleged error and omission does not provide Plaintiff with a cause of action against Teche. Unlike in *Sherwin Williams Co. v. First Louisiana Construction, Inc.*, 04-133 (La.App. 1 Cir. 5/6/05), 915 So.2d 841, Plaintiff did not believe that Maxwell was his attorney. Teche was Maxwell's client. There is no basis in law to hold a client liable for the malpractice of his attorney. Teche owed no duty to Plaintiff to ensure or even determine that Plaintiff was obtaining a valid and merchantable title. Furthermore, Teche did not in

2

any way guarantee to Plaintiff that he was obtaining a valid and merchantable title. It only sought to assure itself of this before it lent money to Plaintiff. Any failure or omission on the part of Maxwell to discover the tax sale did not breach any duty owed to Plaintiff by Teche.

## DECREE

The trial court correctly granted summary judgment in favor of Teche. We affirm the grant of summary judgment in favor of Teche and the dismissal of Plaintiff's claims against Teche with prejudice. All costs of this appeal are assessed to Plaintiff/Appellant, Kevin B. Lorio.

**AFFIRMED.**