NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-240


CHERLYN FORBES, ET AL.

VERSUS

ALLSTATE INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-1516-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


AFFIRMED.


Sherman Stanford
Attorney at Law
P. O. Box 1237
Opelousas, LA 70571
(337) 948-4113
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Cherlyn Forbes
    Shamica Sostand

**Dana G. Hall**
**Law Offices of Harold G. Toscano**
**400 E. Kaliste Saloom, Suite 8300**
**Lafayette, LA 70508**
**(337) 291-0108**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Allstate Insurance Company**
    **Courtney McCarthy**

**PICKETT, Judge.**

The plaintiffs appeal the trial court's judgment denying their claims that the defendant driver was at fault in the accident that caused their injuries. For the reasons below, we affirm the judgment.

## FACTS

On September 9, 2011, Cherlyn Forbes was stopped at a red light in Opelousas when a vehicle driven by Courtney McCarthy collided with her vehicle. Immediately before that collision, Ms. McCarthy's vehicle had been rear-ended by a vehicle driven by Latonya Pickens. Ms. Pickens fled the scene of the accident in her vehicle but was apprehended shortly thereafter.

Ms. Forbes and her granddaughter Cherkaylyn Brooks, who was a passenger in her vehicle, were injured in the accident. Ms. Forbes and Cherkaylyn's mother,[1] Shamica Sostand, filed suit against Ms. McCarthy and her insurer, Allstate Insurance Company, to recover damages for the injuries Ms. Forbes and Cherkaylyn suffered in the accident.

Ms. Forbes testified that before the accident occurred she was stopped for a red light in the left lane of North Main Street at its intersection with Natchez Street headed north and that Ms. McCarthy was stopped in the right lane of North Main Street headed south. After she saw Ms. Pickens hit Ms. McCarthy's vehicle, Ms. Forbes redirected her eyes to the traffic signal and was ready to proceed forward with the green light. At that time, she saw Ms. McCarthy's vehicle coming toward her and Ms. McCarthy waving for her to move out of her way. Ms. Forbes explained that she "backed up as far as [she] could," stopped, and put her car in park. When cross-examined, however, Ms. Forbes admitted that no cars were

---

[1]Ms. Sostand filed suit on behalf of Cherkaylyn, a minor, as her natural mother and tutrix.

behind her when she backed up. She stated that she backed up far enough for Ms. McCarthy to pass without hitting her vehicle, but Ms. McCarthy still hit her.

The investigating police officer testified that Ms. McCarthy told him that she turned her steering wheel to the left after the impact of the Yukon. In his narrative, he stated that Ms. McCarthy related to him: "Upon impact her vehicle was thrust forward. [She] attempted to steer her vehicle off of the roadway." When asked what made her vehicle go left, Ms. McCarthy testified, however, that the force of the impact from the Yukon "threw [her] into the left lane." She further testified that it happened so quickly that she was not able to turn her steering wheel back to the right. Ms. McCarthy denied that she waved to Ms. Forbes to move her vehicle.

After a trial on the merits, the trial court determined that Ms. Pickens was the sole cause of the accident and rendered judgment in favor of Ms. McCarthy and Allstate denying Ms. Forbes' and Ms. Sostand's claims. This appeal followed. On appeal, Ms. Forbes and Ms. Sostand assert the trial court erred in not finding that Ms. McCarthy was at fault in the collision.

## DISCUSSION

Ms. Forbes and Ms. Sostand assign two errors with the trial court's judgment. First, they complain the trial court's conclusion that the impact of Ms. Pickens' vehicle on Ms. McCarthy's vehicle was sufficient to thrust her vehicle into Ms. Forbes' vehicle is not substantiated by the record. Second, they argue the trial court's determination that the evidence did not establish Ms. McCarthy turned her steering wheel to the left in the direction of Ms. Forbes' vehicle is contrary to the evidence. Therefore, they contend the trial court's failure to assess any fault to Ms. McCarthy must be vacated and Ms. McCarthy should be assessed some fault.

2

To prevail on their claims, Ms. Forbes and Ms. Sostand had to prove that Ms. McCarthy was at fault in causing the accident, using the duty-risk analysis. *Joseph v. Dickerson*, 99-1046, 99-1188 (La. 1/19/00), 754 So.2d 912. The duty-risk analysis is a five-step process that requires a party asserting the fault of another caused him damages to prove, in part, that the party's conduct was a cause-in-fact of the injuries at issue. *Id.* Plaintiffs who fail to prove this element, or any of the four other elements, have not satisfied their burden of proving their claims. *Id.*

The trial court's determination that Ms. McCarthy was not at fault is a fact determination reviewed under the manifest error-clearly wrong standard of review. *Rando v. Anco Insulations, Inc*., 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065. Under this standard, the trial court's findings of fact cannot be disturbed unless a factual, reasonable basis does not exist in the record and the finding is clearly wrong or manifestly erroneous. *Id*.

The trial court completely discounted Ms. Forbes' explanation, stating it did not believe she had the presence of mind to react as she described above and gave "little credibility, if any" to her testimony as a whole. The trial court also discounted Ms. Forbes' credibility because she testified that Ms. McCarthy was stopped in the right lane before the accident occurred, but Ms. McCarthy and the investigating police officer testified that Ms. McCarthy was stopped in the left lane before the accident.

The trial court rejected Ms. Forbes and Ms. Sostand's contention that the damage scale utilized by the police officer in his investigation established the force of impact the Yukon driven by Ms. Pickens had on Ms. McCarthy's car was minimal; therefore, Ms. McCarthy had to be assessed some fault. Ms. Forbes and

3

Ms. Sostand acknowledge that collapsible bumpers are designed to crumple to absorb as much momentum as possible to reduce any impact thereon being transferred to the vehicle or its occupants. They argue, however, that only slight damage like the damage to Ms. McCarthy's collapsible bumper cannot "transfer the momentum required to impel a vehicle at such a high rate of speed so as to render the driver helpless to apply the brakes or steer the vehicle." They further argue that the immense force required to affect Ms. McCarthy and her vehicle as she claims would have destroyed the bumper of her vehicle.

We have reviewed the evidence and do not find the trial court's conclusion that Ms. Forbes and Ms. Sostand did not prove Ms. McCarthy was at fault in the accident is unreasonable. Ms. McCarthy's testimony that the Yukon hit her so hard she was propelled into Ms. Forbes' seemingly conflicts with the investigating police officer's testimony that there was minor damage to her vehicle. The police officer's testimony alone is not concrete evidence of the impact the Yukon had on Ms. McCarthy's vehicle and whether it would or would not have caused Ms. McCarthy's vehicle to thrust forward as she testified it did. A repair estimate or scientific data showing the force required to cause similar damage to a bumper would be such concrete evidence.

The evidence provides a reasonable basis for the trial court's assessment of Ms. Forbes' credibility and finding that Ms. Forbes and Ms. Sostand did not prove that Ms. McCarthy was at fault in causing their damages. Accordingly, the trial court's conclusions are not manifestly erroneous and must be affirmed.

## DISPOSITION

The judgment of the trial court is affirmed.  All costs are assessed to the plaintiffs.

**AFFIRMED.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2—16.3, UNIFORM RULES—COURTS OF APPEAL.