WHIPPLE, C, J.,
dissenting.
it As recognized by the majority, although the owner of a vehicle ordinarily is not personally liable for the damages that occur while another is operating the vehicle, there are exceptions to this, such as when the driver is on a mission for the owner, when the driver is an agent or employee of the owner, or when the owner is herself negligent in entrusting the vehicle to an incompetent driver. Stokes v. *41 Stewart, 99-0878 (La.App, 1st Cir.12/22/00), 774 So.2d 1215, 1218. One who loans a car to another when the lender knows or has reason to know that the borrower is likely to use the car in a manner involving an unreasonable risk of physical harm, because of the borrower’s intoxication, incompetence, or otherwise, can be held liable to a third party for damage caused by the borrower. Joseph v. Dickerson, 99-1046 (La.1/19/00), 754 So.2d 912, 916; Thistlethwaite v. Gonzalez, 12-130 (La.App. 5th Cir.12/18/12), 106 So.3d 238, 257.
Given the evidence presented by the Toupses in opposition to Ms. Dantin’s motion for summary judgment, I must conclude that material issues of fact remain that make this ease inappropriate for summary judgment. As noted by the majority, the record evidence establishes that Mr. Dantin had a long history of driving-while intoxicated, involving multiple DWI arrests and six prior DWI convictions, with all of the DWI convictions occurring during the Dantins’ marriage and with Ms. Dantin aware of the convictions and resulting sentences. |2Moreover, although Ms. Dantin claimed in her deposition that he did not ever drive the Maxima, as it was “[her] car for work,” in his deposition testimony, Mr. Dantin acknowledged that he, in fact, had previously driven the Maxima and had doné so on more than one occasion. Indeed, Mr. Dantin was arrested and ticketed approximately two month's before the tragic accident at issue in this case for driving Ms. Dantin’s Maxima at a rate of speed of 94 miles per hour in a 55 mile-per-hour speed zone.
The evidence of record casts doubt on Ms. Dantin’s testimony, raising factual issues as to her knowledge of Mr. Dantin’s use of the vehicle, the scope of her participation in a scheme involving his use of the vehicle to avoid the interlock device, and her entrustment of the use of the Maxima to Mr. Dantin in the circumstances giving rise tq this, accident. These factual issues cannot be resolved without making a credibility determination as to her knowledge, i.e., only by accepting as true Ms. Dantin’s testimony in its entirety, even despite the other evidence casting doubt on that testimony. Such credibility determinations are not appropriate for summary judgment. See Janney v. Pearce, 2009-2103 (La.App. 1st Cir.5/7/10), 40 So.3d 285, 293, writ denied, 2010-1356 (La.9/24/10), 45 So.3d 1078. These material issues should be addressed at a trial.
For these reasons, I respectfully dissent.