EDWARDS, JUDGE PRO TEMPORE, J.
*299 The judgment on appeal is the grant of a defense motion for summary judgment in two consolidated cases. For the reasons that follow, we affirm.
Plaintiff/appellant, Peter Hoffman, as successor in interest to Pool Boy the Movie, L.L.C. (Pool Boy) and Autopsy, L.L.C. (Autopsy), filed two separate lawsuits against John Theriot, CPA (Theriot) and Malcolm M. Dienes, L.L.C. (MMD) for negligence and professional malpractice. Because the two actions derive from the same set of facts and assert the same claims against the same defendants, the matters were consolidated in the trial court by mutual consent of the parties. Upon completion of discovery, defendants filed a motion for summary judgment that was granted by the trial court. It is that judgment that is before this Court on appeal.
FACTS AND PROCEDURAL HISTORY
Both Pool Boy and Autopsy are limited liability companies set up as private, entrepreneurial motion picture production companies for the purpose of filming movies and taking advantage of the state sponsored tax credit program set forth in La. R.S. 47:6007 et seq. Mr. Hoffman is the legal successor to both Pool Boy and Autopsy.
On May 25, 2007, by two separate documents, Hoffman engaged MMD, a Louisiana certified public accounting limited liability company, to perform audit reports of the production expenditures of both Pool Boy and Autopsy as required by Louisiana law. John Theriot is a certified public accountant and the managing partner of MMD.
The audits are expressions of a professional opinion about whether the cost report of production expenditures is fairly presented, and is in conformity with the practices prescribed by the Louisiana Department of Economic Development. The audits are conducted in accordance with generally accepted auditing standards and are used by the State to determine qualification for the film tax credits.
In accordance with those agreements, MMD issued an independent auditor's report on each of the two movies. The Autopsy audit was issued on January 25, 2008 and the Pool Boy audit was issued on April 18, 2008. These audits were subsequently submitted to the State.
On February 3, 2012, MMD notified Pool Boy and Autopsy by correspondence to Mr. Hoffman that it discovered that certain transactions with related parties were not disclosed in the cost report used as a basis for the audit. The correspondence informed both companies that the audit could no longer be relied upon and that professional standards required notification of this fact to users of the audit, including the State. MMD requested that Mr. Hoffman notify the Louisiana Department of Economic Development and/or the *300 Office of Entertainment Industry Development that the cost report and accompanying audit report could no longer be relied upon.
Mr. Hoffman responded by sending a correspondence demanding that MMD disclose the specifics of the transaction with related parties to which it was referring. MMD sent written notice to Mr. Hoffman listing the entities it perceived as related parties not disclosed in the information provided by Pool Boy and Autopsy. MMD also responded to what it considered an implied threat of litigation in the correspondence from Pool Boy and Autopsy by stating that it could no longer be independent and would be unable to perform any further audit procedures, including the re-issuance of audits. MMD also reasserted its request that Pool Boy and Autopsy notify known users that the cost reports and audit reports could no longer be used or relied upon.
When Mr. Hoffman failed to notify the appropriate Louisiana departments that the audits could no longer be relied upon, MMD recalled the audits. On February 28, 2012, MMD issued audit recall letters to the Louisiana Department of Economic Development and the Office of Entertainment Industry Development. Upon receipt of the recall letters, the State sent written demand to Pool Boy and Autopsy for replacement audits performed by a certified public accountant within fourteen days. The letter warned that unsupported movie tax credits would be disallowed. Ultimately, the tax credits were significantly reduced.
On September 28, 2012, Mr. Hoffman filed a complaint against MMD and John Theriot with the Society of Louisiana Certified Public Accountants (the Society) pursuant to La. R.S. 37:102. In that complaint Mr. Hoffman alleges MMD and John Theriot acted negligently in preparing the audits and in issuing letters of withdrawal of the audits to the State of Louisiana.
MMD and Mr. Theriot filed an exception of peremption seeking dismissal of the claims related to the audits pursuant to the three-year peremptive period in La. R.S. 9:5604. The trial court denied that exception. MMD and Theriot filed an application for supervisory writs in this Court seeking review of that ruling. Upon review, this Court held that any claims asserted that related to the preparation of the audits were perempted by the three-year peremption period established by La. R.S. 9:5604. Thus, only the claims asserted relating to the withdrawal of the audits remained viable.
A Public Accountant Review Panel (Panel), consisting of three independent Louisiana certified public accountants and an attorney chairman, was formed on May 20, 2015 in accordance with La. R.S. 37:105. After a hearing on September 21, 2015, the Panel unanimously concluded the evidence did not support the conclusion that Theriot and MMD were liable as charged in the complaints.
Pool Boy and Autopsy filed this action for negligence and professional malpractice in district court on October 13, 2015. Discovery was conducted, and on February 16, 2016, defendants filed a motion for summary judgment. The trial court granted that motion and dismissed the actions with prejudice. Mr. Hoffman appealed that ruling.[1]
DISCUSSION
On appeal to this Court, appellant assigns one error in which he argues the *301 trial court erred as a matter of law in ruling that he can only establish an actionable violation of defendants' professional obligations to Pool Boy and Autopsy by the testimony of an expert witness.
Our review of a grant of a summary judgment is de novo using the same criteria governing the trial court's consideration of whether summary judgment is appropriate.[2] A motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."[3]
The party moving for summary judgment bears the burden of proof.[4] However, if the movant will not bear the burden of proof at trial, the movant's burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.[5]
Negligence claims under La. C.C. art. 2315 are examined using a duty/risk analysis. There are five separate elements in the duty/risk analysis that take into account the conduct of each party and the peculiar circumstances of each case.[6] Those elements are: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).[7] In the duty/risk analysis it is necessary to initially determine what, if any, duty was owed by the defendant.[8]
There is an almost universal duty on the part of a defendant to use reasonable care to avoid injury to another.[9] Whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties.[10] Generally, duty is the obligation to conform to the standard of conduct of a reasonable man under like circumstances.[11] However, in cases involving the malpractice of professionals, the standard is generally that of exercising the degree of professional care and skill ordinarily employed by others of the same profession in the same general area.[12]
*302 Accountants, like physicians and lawyers, owe a duty to perform their services with that degree of skill and competence reasonably expected of persons in their profession in the community.[13] By definition an auditor owes a duty to conduct an audit in accordance with generally accepted auditing standards (GAAS).[14] In an action for professional malpractice, the burden is on the plaintiff to prove the degree of care and skill required by the profession as well as the failure of the professional to exercise the degree of care required.[15] Where no evidence of the professional standard of care is produced, the court cannot determine that the professional is negligent.[16] Generally, expert testimony is required to establish the applicable standard of care and whether or not the standard was breached, unless the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony.[17]
In support of the motion for summary judgment, defendants offered documentation regarding the audits and filings with the State. Defendants also attached the Panel opinion relating to Mr. Hoffman's complaint and affidavits of two experts in the field regarding the relevant standard of care. Mr. Hoffman opposed the motion for summary judgment with voluminous supporting documents including the audits, the correspondence between the parties, correspondence between Mr. Hoffman and the State, emails, the complaint to the Panel, materials relating to the Louisiana film tax credit law, and excerpts of proceedings in federal court.[18] However, there was no expert testimony or affidavit offered to establish the standard of care.
Mr. Hoffman did not rely on expert testimony to establish either the standard of care or to support his assertion that that standard was breached. In brief to this Court, Mr. Hoffman argues that expert testimony is not required to defeat the defense motion for summary judgment in this case because the negligence of defendants is obvious to a layman. The trial court found otherwise and we agree.
Mr. Hoffman argues the "common knowledge" or "common sense" exception to the requirement of expert testimony in professional liability cases applies here. He asserts that defendants "sold out their client to curry favor with LED and the US Attorney's Office by issuing Recall Letters based on obviously false and conflicting reasons." In brief to this Court, Mr. Hoffman acknowledges that there is a separate federal criminal prosecution against him involving infrastructure tax credits relating to a movie production facility. Mr. Hoffman concludes that proof of his cause of action against defendants herein has nothing to do with the GAAS or general accounting principles because defendants' motivation was to disengage from that federal criminal matter. We are *303 not persuaded by Mr. Hoffman's argument.
The "common knowledge" or "common sense" exception to the rule requiring expert testimony involves factual circumstances in which negligence is obvious. This exception has been recognized by Louisiana jurisprudence in legal malpractice actions where the alleged legal malpractice is obvious or where the defendant committed gross error. The exception has also been applied in medical malpractice where there is an obvious careless act such as amputation of the wrong limb or leaving a sponge in a patient's body during surgery.[19]
The basis of Mr. Hoffman's remaining claim relates to the withdrawal of defendants' audits on the cost report of the production expenditures for two films (Pool Boy and Autopsy). The audits were required in order for the two films to comply with the State sponsored tax credit incentive program set forth in La. R.S. 47:6007 et seq. The standard of care in the preparation of such an audit is not within a layman's knowledge or experience. To establish the standard of care would require the testimony of experts. Further, the issue of whether the withdrawal of that audit was negligent cannot be determined without expert testimony. What expenditures qualify for the tax credit and what restrictions the law places on those expenditures are not within the common experience or knowledge of a lay person. This is not the sort of commission or omission from which a layman could readily infer professional negligence without the testimony of an expert witness.
Therefore, we find the trial court correctly concluded Mr. Hoffman failed to establish that he could meet his burden of proof on the standard of care or a breach of that standard, both essential elements of his actions against defendants. Accordingly, we affirm the judgment on appeal granting summary judgment.
AFFIRMED

MMD and Mr. Theriot filed a motion to dismiss the appeal which was denied by this Court on March 14, 2018.

Hogg v. Chevron USA, Inc. , 09-2632 (La. 7/6/10), 45 So.3d 991, 996.

La. C.C.P. art. 966(A)(3).

La. C.C.P. art. 966(D)(1).

Id.

Joseph v. Dickerson , 1999-1046 (La. 1/19/00), 754 So.2d 912, 916.

Richard v. Hawthrone , 15-559 (La. App. 5 Cir. 5/12/16), 192 So.3d 273, 277.

Joseph v. Dickerson, 754 So.2d at 916.

Boykin v. Louisiana Transit Co., 96-1932 (La. 3/4/98), 707 So.2d 1225, 1231.

Abbasi v. State Farm Ins. Co. , 04-44 (La. App. 5 Cir. 5/26/04), 875 So.2d 988, 992, writ denied , 2004-2076 (La. 9/24/04), 882 So.2d 1135.

Alexander v. Par. of St. John the Baptist , 12-173 (La. App. 5 Cir. 10/16/12), 102 So.3d 904, 910, writ denied, 2012-2448 (La. 1/11/13), 107 So.3d 617.

Boudreaux v. Panger , 481 So.2d 1382, 1385 (La. App. 5 Cir. 1986), writ granted, 484 So.2d 130 (La. 1986), and aff'd , 490 So.2d 1083 (La. 1986).

Fed. Deposit Ins. Corp. v. Schoenberger , 781 F.Supp. 1155, 1157 (E.D. La. 1992).

Id.

Calandro Dev., Inc. v. R. M. Butler Contractors, Inc. , 249 So.2d 254, 265 (La. App. 1 Cir. 1971).

Boudreaux v. Panger , supra , 481 So.2d at 1387.

Banister v. Day , 08-835 (La. App. 5 Cir. 5/26/09), 13 So.3d 229, 233, writ denied , 2009-1529 (La. 10/9/09), 18 So.3d 1286.

Defendants argue that many of these documents are not admissible under Louisiana law because they are not sworn or certified copies. Mr. Hoffman counters that his "declaration" that the documents are authentic is sufficient. Since the documents are irrelevant to our consideration of the assignment of error, we make no ruling on the issue of admissibility of these documents.

See MB Indus., LLC v. CNA Ins. Co. , 2011-0303 (La. 10/25/11), 74 So.3d 1173, 1184-85 and cases cited therein.