# United States Court of Appeals
# for the Fifth Circuit

No. 24-30689

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2025

Lyle W. Cayce
Clerk

Nellie Legendre,

*Plaintiff—Appellant*,

*versus*

Harrah's Casino New Orleans; Harrah's New Orleans
Management Company, L.L.C., *doing business as* Harrah's
New Orleans,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-3674

_____

Before Jones and Graves, *Circuit Judges*, and Rodriguez, *District Judge*.[*]

Per Curiam:[*]

Nellie Legendre was walking on the gaming floor of Harrah's Casino when she and a casino employee collided. Legendre was injured, and sued the

---

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30689

casino. The district court reviewed the surveillance video and concluded that the employee was not negligent as a matter of law. So it granted summary judgment. Because a reasonable jury could find that the employee was negligent, we reverse and remand.

## I. Background

In May 2023, Legendre was playing the slots when she left her machine to cash out her winnings. As she returned to the machine, Eddie Giles, Jr.—a security guard—bumped into her and knocked her down. Giles is legally blind in his right eye.[1]

A surveillance video captured the collision. In it, Giles was looking to his left while walking. So he did not see Legendre, who was walking from his blindside, until the impact. Legendre suffered a fractured hip, a cut to her scalp, and injuries to various muscles and tissues as a result.

Legendre sued, alleging that Harrah's Casino is vicariously liable for Giles's negligence and directly liable for negligently hiring, training, supervising, and retaining him. Legendre and the casino cross-moved for summary judgment. The district court granted the Casino summary judgment, concluding that Giles owed Legendre the duty of an ordinary reasonable person, and finding that the surveillance video established, as a matter of law, that Giles did not breach that duty.

Legendre appeals.

––––––––––––––––––––––––––––––

[1] When this disability became apparent in discovery, Legendre moved to release Giles's ophthalmology records. The magistrate judge denied the motion. Legendre appeals that order too. But she never objected to the order below. We thus lack appellate jurisdiction over that issue. *See Mayfield v. Butler Snow, L.L.P.*, 75 F.4th 494, 502 (5th Cir. 2023).

## II. Standard of Review

"We review a grant of summary judgment de novo." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) . Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We generally view the evidence "in the light most favorable to the nonmoving party[.]" *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023). But when there is video evidence, we "are not bound to accept the nonmovant's version " if the video contradicts it. *See Crane v. City of Arlington*, 50 F.4th 453, 461–62 (5th Cir. 2022). Even so, we will not "discount the nonmoving party's story unless the video evidence provides so much clarity that a reasonable jury could not believe [its] account." *Id.*

## III. Analysis

In Louisiana, a businessowner must exercise reasonable care to protect patrons. *Peterson v. Gib. Sav. & Loan*, 733 So. 2d 1198, 1204 (La. 1999). This includes protecting them from dangerous physical conditions. *Pryor v. Iberia Parish Sch. Bd.*, 60 So. 3d 594, 596 (La. 2011). But when an employee's discrete act causes a fall, "general negligence principles apply." *Manecke v. Golden Nugget Lake Charles*, 371 So. 3d 39, 41 (La. Ct. App. 2023). So to prevail, Legendre must show (1) duty, (2) breach, (3) cause-in-fact, (4) proximate cause, and (5) actual damages. *See, e.g.*, *Long v. State ex rel. Dep't of Transp. & Dev.*, 916 So. 2d 87, 101 (La. 2005).

An employer may be directly liable, or vicariously liable for its employees' acts within the scope of employment. *Martin v. Thomas*, 346 So. 3d 238, 247 (La. 2022). But under either theory, the employer is liable only if the employee is at fault. *Id.* at 247. Because the district court found that Giles was not at fault, it granted summary judgment. The parties do not dispute

that Giles's actions caused Legendre's injuries. Instead, they dispute (A) what duty Giles owed Legendre, and (B) whether Giles breached that duty.

## A. Giles owed Legendre no heightened duty.

Duty "is a question of law." *Ogea v. Merritt*, 130 So. 3d 888, 905 (La. 2013). A person generally owes a duty to act reasonably under the circumstances. *Joseph v. Dickerson*, 754 So. 2d 912, 916 (La. 2000). The district court applied this general duty to Giles. Legendre objects, arguing that Giles owed her a heightened duty as a security guard.

Granted, certain specialized professionals sometimes owe a heightened duty when performing their services. *See, e.g.*, *Hoffman v. Theriot*, 249 So. 3d 297, 302 (La. Ct. App. 2018) (holding that accountants, like physicians and lawyers, must reasonably comport with the standards of their profession in the community when performing their services); *Porteous v. St. Ann's Cafe & Deli*, 713 So. 2d 454, 457 (La. 1998) (holding that a food provider, in preparing food, must act "as would a reasonably prudent man skilled in the culinary art").

But this heightened duty will not attach unless the alleged tort implicates the professional's specialized skills. By illustration, in *Thielmier v. Louisiana Riverboat Gaming Partnership*, an experienced stage performer owed no heightened duty to a person that he helped walk off stage. 732 So. 2d 620, 624 (La. Ct. App. 1999). Even if security guards have specialized skills, Giles's collision with Legendre did not involve those skills. So the district court did not err when it declined to impose a heightened duty.

## B. A reasonable jury could find Giles negligent.

But the district court erred in finding that Giles was not negligent. As a fact question, breach is typically inappropriate to resolve on a motion for summary judgment. *Manecke*, 371 So. 3d at 43; *see also Ross v. John's Bargain*

No. 24-30689

*Stores Corp.*, 464 F.2d 111, 115 (5th Cir. 1972). Summary judgment on breach is proper only "when a plaintiff fails to introduce evidence [that] create[s] a genuine dispute of fact on [the] issue." *Donahue v. Makar Installations, Inc.*, 33 F.4th 245, 253 (5th Cir. 2022).

The district court concluded, based on the surveillance video, that no genuine dispute remained. We disagree.

Giles had a duty to walk through the casino attentively. *See Manecke*, 371 So. 3d at 43 (holding that a casino employee who ran into a patron had a duty not to run, walk fast, or walk distractedly). Yet he admitted that he "was walking while looking down fixing [his] facemask[.]" And that he did not see Legendre when he ran into her. These facts cut in favor of negligence.

The video does not clearly contradict this. Indeed, it shows Giles walking through the casino, not looking where he was going. He looks away from his path for only seconds to be sure. But whether this momentary inattention amounts to negligence is a fact issue, which the district court should not have resolved. From Giles's testimony and the footage, a reasonable jury could find him negligent. Hence summary judgment was improper.

## IV. Conclusion

We REVERSE the district court's grant of summary judgment to Harrah's Casino and REMAND for further proceedings consistent with this opinion.